**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos CORTEZ, Defendant–Appellant.**

No. 89–50670.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 2, 1992.

Decided Aug. 24, 1992.

Phillip I. Bronson, Sherman Oaks, Cal., for defendant-appellant.

Melinda L. Haag, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: POOLE, BRUNETTI, and FERNANDEZ, Circuit Judges.

BRUNETTI, Circuit Judge:

## OVERVIEW

Carlos Cortez was convicted by guilty plea for violation of federal drug laws, 21 U.S.C. §§ 841(a)(1) and 845a, which prohibit the possession and distribution of narcotics in areas where children are likely to congregate. After pleading guilty, but before sentencing, Cortez brought a motion to dismiss the indictment for selective prosecution. The district court denied the motion, finding that Cortez failed to make a prima facie showing of selective prosecution. He appeals the district court's denial of his selective prosecution motion and his conviction by guilty plea. We find Cortez waived his selective prosecution claim by pleading guilty. We reverse and remand, however, because we find Cortez' plea of guilty was not made knowingly and voluntarily.

## FACTS AND PROCEEDINGS BELOW

Defendant–Appellant, Carlos Cortez, was charged in a two-count indictment with knowingly and intentionally distributing cocaine base within 100 feet of a video arcade and possessing approximately three grams of cocaine with intent to distribute within 100 feet of a video arcade, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 845a ("Schoolyard Statute") (now 21 U.S.C. § 860 (West Supp.1992)). Cortez pled not guilty to both counts.

Five days prior to trial, Cortez moved for an order continuing the trial to enable him to prepare a motion to dismiss the indictment for selective prosecution. The United States opposed the motion, arguing that the motion properly could be heard post-conviction. At a hearing on the day of trial, Cortez reiterated his need for a continuance, explaining that the selective prosecution motion was not complete. The district court denied the motion to continue on the ground that it was untimely. The court, however, assured Cortez that he had "the right to make a [selective prosecution] motion after trial, if he is convicted." After the jury was impaneled and sworn and the United States gave its opening statement, Cortez moved to withdraw his plea of not guilty. After questioning Cortez, the district court granted the motion, and Cortez pled guilty to both counts.

On the day of sentencing, Cortez filed the awaited selective prosecution motion. Cortez alleged that the United States Attorney, acting in concert with the Los Angeles County District Attorney in a joint federal-local program, intentionally and dis-

criminatorily enforced the Schoolyard Statute against poor Black and Hispanic defendants in an overwhelming proportion. Cortez also filed a motion requesting that "[i]f the Court believes that the guilty pleas act as a waiver of [the selective prosecution] motion, the defendant would then move to withdraw his guilty pleas and enter conditional guilty pleas."

The district court denied the selective prosecution motion, finding it failed to establish a prima facie case of selective prosecution. The court then sentenced Cortez to 57 months on each count, to run concurrently. The court made no ruling on the motion to withdraw the guilty plea.

Cortez argues on appeal that he satisfied his burden of evidencing a prima facie case of selective prosecution. He asks that we reverse the judgment and remand for an evidentiary hearing on selective prosecution. In the alternative, he argues that if we find his guilty plea waived his selective prosecution claim, we also should find his guilty plea was not knowingly and voluntarily made or he was deprived of effective assistance of counsel.

## DISCUSSION

I. *Selective Prosecution—Timing and Waiver.*

The United States argues that Cortez' selective prosecution motion was waived both by Cortez' failure to file the claim before trial and his plea of guilty.

■ We reject the United States' first argument. Although a selective prosecution challenge, as a defense "based on a defect in the institution of the prosecution," must be raised prior to trial, *see* Fed.R.Crim.P. 12(b)(1), the trial court may grant relief from waiver. Fed.R.Crim.P. 12(f). In this case, the district court waived the timing requirement of Rule 12(b)(1) by "reserv[ing] to Cortez] . . . the right to make [the] motion after trial."

■ The United States' second argument has merit. According to a line of cases starting with the trio *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), (the "*Brady* doctrine"):

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Accordingly, unless an exception to the *Brady* doctrine applies, Cortez' plea of guilty waived his selective prosecution claim.

■ Before analyzing the exceptions to the *Brady* doctrine, we need to clarify that Cortez' plea was not, in fact, a conditional guilty plea. Although the argument is only hinted at, Cortez invites us to construe his guilty plea as conditional and thus outside the purview of *Brady*. Federal Rule of Criminal Procedure Rule 11(a)(2) requires, however, that a conditional plea include a writing and have "the approval of the court and the consent of the government." Although Cortez did file a motion requesting that his unconditional guilty plea be substituted with a conditional plea in the event the court determined that the selective prosecution claim was waived by a plea of guilty, neither the court nor the United States acquiesced. The Ninth Circuit has read the requirements of Rule 11(a)(2) strictly, *see, e.g., United States v. Echegoyen*, 799 F.2d 1271, 1275–76 (9th Cir.1986); *United States v. Carrasco*, 786 F.2d 1452, 1454 (9th Cir.1986), and we accordingly must conclude that Cortez' plea was not conditional.

■ We now move on to the narrow exception to the *Brady* doctrine. A plea of guilty to a charge does not waive a claim that the charge is one which the government constitutionally may not prosecute. *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 242, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry*, 417 U.S. 21, 30, 94

S.Ct. 2098, 2103, 40 L.Ed.2d 628 (1974). The exception is derived from the fact that even though the guilty plea removes the question of the defendant's guilt from the case, the issue of whether the government had the power to bring the charge at all still remains. *See Menna*, 423 U.S. at 62, 96 S.Ct. at 242.

Those charges that the government constitutionally may not prosecute are not "crystal-clear." *United States v. Montilla*, 870 F.2d 549, 552 (9th Cir.1989), *amended*, 907 F.2d 115 (9th Cir.1990). So far, courts have limited the defenses, sometimes labelled "jurisdictional claims," to claims that the statute is facially unconstitutional, *see Menna*, 423 U.S. at 62, 96 S.Ct. at 242, to claims that the indictment failed to state a claim, *United States v. Caperell*, 938 F.2d 975, 978–79 (9th Cir. 1991), to claims of vindictive prosecution, *Blackledge*, 417 U.S. at 30, 94 S.Ct. at 2103, and to claims of double jeopardy. *Menna*, 423 U.S. at 62, 96 S.Ct. at 242. No court has dealt with a selective prosecution claim. It is plausible that selective prosecution could be a jurisdictional claim. The Ninth Circuit has found vindictive prosecution and selective prosecution so similar as to warrant comparable treatment with respect to interlocutory appealability. *See United States v. Wilson*, 639 F.2d 500, 502 (9th Cir.1981) ("[l]ittle substantive difference can be detected between selective prosecution and vindictive prosecution ... [t]he interests involved are the same"). Both claims involve issues that do not hinge on the guilt or innocence of the defendant. *See id.*

We need not make that decision, however, because Cortez' claim is foreclosed regardless of its possibly jurisdictional nature. In *United States v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Supreme Court limited the jurisdictional claim exception to those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record. Broce*, 488 U.S. at 569, 576, 109 S.Ct. at 762, 766. To successfully establish a selective prosecu-

tion defense and, hence, that the United States lacked the power to bring Cortez' indictment, Cortez would have to show: one, that others similarly situated have not been prosecuted; and two, that the allegedly discriminatory prosecution of the defendant was based on an impermissible motive. *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985); *Wilson*, 639 F.2d at 503. Cortez could not show either of these facts from the indictment or the record at the plea stage. Thus, even if we were to find a claim of selective prosecution to be an exception to the *Brady* doctrine, Cortez' selective prosecution motion is foreclosed by *Broce*.

■ Because we find that Cortez waived his right to claim selective prosecution, we do not address the merits of that claim. Although the *Brady* doctrine precludes Cortez from raising his selective prosecution claim, it does not preclude him from challenging his guilty plea on the grounds that it was not knowing or voluntary or because of ineffective assistance of counsel. *Broce*, 488 U.S. at 569, 109 S.Ct. at 762.

## II. *Voluntary and Knowing Claim.*

■ Cortez argues that his guilty plea was not voluntary and knowing because he believed, based on the assertions of his attorney, the district court, and the United States, that his plea did not affect his right to bring his selective prosecution claim. If he had known, he argues, he would not have pled guilty.

■ An unconditional guilty plea must be knowing and voluntary. *McCarthy v. United States*, 394 U.S. 459, 464–67, 89 S.Ct. 1166, 1169–1171, 22 L.Ed.2d 418 (1969); *see* Fed.R.Crim.P. 11(c)–(d). An involuntary plea may result where "the accused does not understand the nature of the constitutional protections that he is waiving." *Henderson v. Morgan*, 426 U.S. 637, 645 n. 13, 96 S.Ct. 2253, 2257 n. 13, 49 L.Ed.2d 108 (1976).

It is clear that Cortez was aware when he pled guilty that he had no agreement

with the United States to make a conditional guilty plea. It is equally clear, however, that Cortez was not aware that his guilty plea waived his right to assert a selective prosecution motion on appeal. The discussions at the hearing prior to trial indicate that all parties believed the selective prosecution claim could be made "post-conviction." The district court stated, "I think he has a right to do that [make a selective prosecution motion] even on a plea. The United States seems to think they are willing to take the risk, that he can do it post-conviction." Apparently, it was not until the United States informed Cortez' counsel of its belief that the selective prosecution motion was waived by guilty plea under the *Brady* doctrine that Cortez became aware of the consequences of his plea. Once he became aware of this consequence, he sought to withdraw his guilty plea and enter a conditional plea.[1] Presumedly, the court did not respond to Cortez' request because it believed the selective prosecution claim was not waived post-conviction. The narrow issue we must decide, therefore, is whether Cortez' belief that his unconditional guilty plea allowed him to appeal his selective prosecution claim rendered his plea involuntary.

We believe it does. In *United States v. Carrasco*, the defendant and the United States negotiated a plea agreement, but the United States withdrew before the agreement was entered. *Carrasco*, 786 F.2d at 1453. The defendant nevertheless entered a guilty plea, filing notice that it was conditional, and later attempted to appeal the issue that would have been preserved if the plea agreement had been in force. *Id.* We stated that because the defendant "reasonably could have believed that her plea was conditional, based on both previous discussions with the assistant U.S. attorney and

the ambiguous exchange in the courtroom ... we cannot conclude that she knowingly and voluntarily entered an unconditional guilty plea." *Id.* at 1455. We thus vacated the sentence and ordered the district court to allow the defendant to plead anew. *Id.* Although in this case, a plea agreement was not negotiated and Cortez did not file notice that his guilty plea was conditional, Cortez "believed the guilty plea still permitted preservation of pretrial issues for appeal." *Id.*

This is not one of those situations where the defendant's attorney incorrectly predicts the outcome of some aspect of the defendant's case; such a situation does not support an involuntary plea claim. *See Brady*, 397 U.S. at 756–58, 90 S.Ct. at 1473–1474; *Parker*, 397 U.S. at 796–98, 90 S.Ct. at 1462–63. Rather, Cortez was misinformed about the *actual* effect of his plea. *See Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir.1986) (defendant's plea not voluntary because "induced by his counsel's misrepresentations as to what his sentence *in fact* would be").

It is true that neither Rule 11 nor Ninth Circuit precedent mandates the district court to inform the defendant that his guilty plea waives the right to appeal, *see, e.g., Rodriguez v. Ricketts*, 798 F.2d 1250, 1254 (9th Cir.1986), *cert. denied*, 479 U.S. 1057, 107 S.Ct. 937, 93 L.Ed.2d 987 (1987) (state court not required to inform defendant of right to appeal), *see also, United States v. Bell*, 966 F.2d 914, 916 (5th Cir. 1992)), *United States v. Fisher*, 772 F.2d 371, 375 (7th Cir.1985), *United States v. Davis*, 900 F.2d 1524, 1525–26 n. 1 (10th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990), although we agree it would be helpful. It is also true, as the United States points out, that the technicalities of Rule 11 were complied

---

1. In his motion to withdraw his guilty plea and enter a conditional plea, Cortez stated:

   Prior to entry of the pleas, Mr. Cortez and defense counsel discussed the benefits of him entering guilty pleas or proceeding to trial, we did not contemplate any waiver of the selective prosecution motion. The defense believed that since the Court's position is that a selective prosecution motion can be filed after trial, meaning post-conviction, that it was not

   important how we got to that post-conviction stage.... The defense believed that the evidence at trial, which would include Mr. Cortez' own admissions, would result in conviction. Thus, forcing a jury to deliberate on the obvious was not deemed necessary. The guilty pleas were entered to expedite what was believed to be the inevitable—convictions on both counts, but leaving a viable claim of selective prosecution.

with and Cortez was given the standard warnings as to the consequence of his guilty plea. He was told, for example, that if the district court accepted his plea of guilty, "the only thing left ... [would be] the imposition of sentence." In light of the fact, however, that Cortez pled guilty while under the mistaken belief, fostered by the misrepresentations of his counsel, the district court, and the United States, and then sought to retract that plea once he learned of the misrepresentations, we cannot find Cortez pled guilty voluntary and knowingly. *See Chizen*, 809 F.2d at 562–63 (asserted waiver of rights and indication of voluntariness did not cure attorney misrepresentation).

Accordingly, Cortez' sentence must be vacated and he must be offered an opportunity to plead anew. *Carrasco*, 786 F.2d at 1455.

VACATED AND REMANDED.