988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert G. SAND, Defendant-Appellant.
 No. 92-10103.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided Feb. 26, 1993.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-90-00060-WBS; William B. Shubb, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert G. Sand appeals his conviction, following his plea of guilty to conspiracy to import and distribute in excess of one kilogram of cocaine in violation of 21 U.S.C. § 963. Sand claims, first, that his guilty plea did not constitute a waiver of his rights under the Double Jeopardy Clause and, second, that double jeopardy concerns require reversal of his conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 A defendant's plea of guilty does not waive his subsequent claim of double jeopardy if it can be determined from the face of the record that the sentencing court had no power to enter the conviction or impose the sentence. United States v. Cortez, 973 F.2d 764, 767 (1992) (citing United States v. Broce, 488 U.S. 563, 569, 576 (1989)). We review de novo the legal question whether appellant's conviction violates the Double Jeopardy Clause. United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991). "[T]he Double Jeopardy Clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Grady v. Corbin, 495 U.S. 508, 511 (1990). "[P]rosecution of a defendant for conspiracy, where certain of the overt acts relied upon by the Government are based on substantive offenses for which the defendant has been previously convicted, does not violate the Double Jeopardy Clause." United States v. Felix, 112 S.Ct. 1377, 1380 (1992).
 
 
 4
 Here, Sand concedes he was involved in a major conspiracy to import multikilogram quantities of cocaine from Mexico into the United States for distribution in Florida and California. He pleaded guilty in 1989 to possessing with intent to distribute 450 kilograms of cocaine in the Southern District of Florida (Count III). At the change of plea hearing, the prosecutor stated, "Some of those loads went to Los Angeles. Some went to Miami. The Count III amount of cocaine came to Miami."
 
 
 5
 In 1990, he pleaded guilty to conspiracy to import and distribute more than one kilogram of cocaine in the Eastern District of California. At his change of plea hearing, the prosecutor stated, "this defendant, as far as a conspiracy goes, the Government would establish was responsible for the importation transportation of the cocaine once it was in the Eastern District."
 
 
 6
 Sand claims that his conviction on the conspiracy charge required proof of the same conduct for which he was convicted in Florida, and thus violated the Double Jeopardy Clause. We disagree. First, we discern no overlap in the proof on which Sand's two guilty pleas were predicated. The charging instruments and the plea hearings show that Sand was convicted in one case of conduct in Florida, and in the other case, of conduct in California. Second, "a mere overlap in proof between two prosecutions [would] not establish a double jeopardy violation." Felix, 112 S.Ct. at 1382. Accordingly, we hold that appellant's guilty plea in California waived his double jeopardy claim. Broce, 488 U.S. at 569, 576.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Sand's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3