37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo ALVARADO-MALDONADO, aka Roldolfo Maldonado-Alvarado,
aka Salvador Gonzalez-Garcia, Defendant-Appellant.
 No. 93-50843.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 5, 1994.*
Decided Sept. 21, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Alvarado-Maldonado appeals his conviction and sentence for illegal reentry into the United States after having previously been convicted of aggravated and unaggravated felonies in violation of 8 U.S.C. Secs. 1326(a), (b)(1), and (b)(2). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Alvarado-Maldonado contends that his conviction should be reversed because 8 U.S.C. Sec. 1326(a) is unconstitutionally vague as applied to him. Alvarado-Maldonado's challenge to his conviction is foreclosed by our decision in United States v. Ayala, No. 93-50771, slip op. 10757, (9th Cir. Sept. 9, 1994).
 
 II
 
 4
 Alvarado-Maldonado also contends that due process requires that his sentence be limited to a maximum of 24 months. He argues that because INS From I-294 incorrectly informed him that he faced a maximum sentence of two years if he reentered the United States, the government should be estopped from seeking a sentence in excess of two years. We rejected an identical argument in United States v. Ullyses-Salazar, No. 93-50144, slip op. at 6548-6549 (9th Cir. June 20, 1994).
 
 III
 
 5
 Alvarado-Maldonado argues the district court erred in denying his motion to withdraw his guilty plea. He argues 1) that his original guilty plea was not voluntary and 2) that the court failed to establish a sufficient factual basis for his plea. We review the district court's finding that there is no "fair and just" reason for permitting a defendant to withdraw a guilty plea for an abuse of discretion. United States v. Oliveros-Orosco, 942 F.2d 644, 646 (9th Cir.1991); United States v. Hoyos, 892 F.2d 1387, 1399 (9th Cir.1989). We review the district court's determination that Alvarado-Maldonado's plea was voluntary de novo. United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993).
 
 
 6
 A. The Voluntary Nature of Alvarado-Maldonado's Plea.
 
 
 7
 The district court's questioning during the Rule 11 hearing indicates that Alvarado-Maldonado decided for himself that he was satisfied with his lawyer's work and personally chose to plead guilty. Thus, Alvarado-Maldonado's plea could only be rendered involuntary 1) if his lawyer misled him ( United States v. Cortez, 973 F.2d 764, 769 (9th Cir.1992)) or 2) if his lawyer was incompetent ( Tollett v. Henderson, 411 U.S. 258, 267 (1973)). Alvarado-Maldonado does not argue that his lawyer was incompetent.
 
 
 8
 Alvarado-Maldonado argues that his plea was involuntary because his lawyer misled him. He thought that his lawyer had fully considered the defenses he might have had to the charges against him, but she had not considered arguing that his prior California conviction did not constitute an aggravated felony under 8 U.S.C. Sec. 1326(b)(2). However, this argument is meritless. See United States v. Bustamante Lomas, No. 93-50655, slip op. at 8407-8415 (9th Cir. July 27, 1994). Alvarado-Maldonado could not have been misled because his lawyer failed to consider a losing argument before he pleaded guilty.
 
 
 9
 B. Alvarado-Maldonado's Plea Had a Sufficient Factual Basis
 
 
 10
 Alvarado-Maldonado's second challenge to the district court's decision to reject his request for a change of plea is based on an identical claim as his first challenge. He argues that because his conviction under section 11352(a) did not constitute an aggravated felony, there was an insufficient factual basis for his plea. We rejected an identical argument in United States v. Bustamante Lomas, No. 93-50655, slip op. at 8407-8415 (9th Cir. July 27, 1994).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3