59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rex Marvin PERRY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56318.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 12, 1995.
 
 Before: O'SCANNLAIN, LEAVY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rex Marvin Perry, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Following the entry of a guilty plea, Perry was convicted of possession of methamphetamine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). Perry contends that he was denied effective assistance of counsel by his first attorney because she failed to inform him of the government's pre-indictment offer to negotiate a plea agreement. The government contends that Perry waived his right to appeal any pre-plea errors in the plea agreement and also by entering his guilty plea. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 The government contends that Perry waived his right to challenge the alleged ineffectiveness of his first attorney in his plea agreement. We need not address this issue because the government failed to raise it before the district court. See United States v. Haggard, 41 F.3d 1320, 1329 (9th Cir.1994) (explaining that generally this court will not consider issues raised for first time on appeal).
 
 
 4
 The government contends that Perry waived his right to challenge his first attorney's alleged ineffectiveness when he entered an unconditional guilty plea. This contention has merit.
 
 
 5
 "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1972); see Moran v. Godinez, 40 F.3d 1567, 1577 (9th Cir.1994), amended by No. 91-15609, slip op. 6097 (9th Cir. June 2, 1995). Aside from a challenge to the voluntary and intelligent character of the plea itself, the entry of a guilty plea generally forecloses all collateral attacks with the exception of jurisdictional claims. United States v. Broce, 488 U.S. 563, 574 (1988); United States v. Cortez, 973 F.2d 764, 767 (9th Cir.1992) (holding that guilty plea precluded defendant from challenging pre-plea selective prosecution claim but not from challenging knowing and voluntary character of his plea because of ineffective assistance of counsel); United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam) (explaining that guilty plea generally waives all claims of a constitutional nature occurring before plea).
 
 
 6
 Here, Perry is attempting to challenge his first attorney's failure to inform him of the government's offer to negotiate a plea before the return of the indictment. Perry contends that his attorney was ineffective because the government indicated it would not charge Perry with the firearms offense if an agreement could be reached before the indictment was returned. After the grand jury returned the indictment, Perry's first attorney withdrew as counsel and the court appointed substitute counsel. Perry's second attorney engaged in extensive plea negotiations with the government. As a result, Perry entered a guilty plea in accordance with a plea agreement under Fed.R.Crim.P. 11(e)(1)(C). Pursuant to the plea agreement, the district court sentenced Perry to a term of 121 months for the possession of methamphetamine offense and a consecutive term of 60 months for the firearms offense.
 
 
 7
 Perry is precluded from challenging the alleged ineffective assistance of his first attorney by the entry of his guilty plea. See Tollett, 411 U.S. at 267; Moran, 40 F.3d at 1577 (explaining that plea precluded habeas petitioner from raising pre-plea claim that his attorneys failed to challenge petitioner's confession); Bohn, 956 F.2d at 209 (holding that defendant's guilty plea waived his pre-plea ineffective assistance of counsel claim). Both Perry and his second attorney were aware of the government's pre-indictment offer when they negotiated the plea agreement. In addition, Perry's ineffective assistance of counsel claim is not covered by the narrow exception for jurisdictional claims. See Cortez, 973 F.2d at 766-67. Furthermore, Perry has not called into question the voluntary and intelligent character of his plea because of the ineffective assistance of his second attorney. See Broce, 488 U.S. at 574; Cortez, 973 F.2d at 767. Accordingly, we need not address the merits of Perry's ineffective assistance of counsel claim because he waived this pre-plea claim when he entered his guilty plea. See Broce, 488 U.S. at 574; Moran, 40 F.3d at 1577.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3