61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee
v.
Michael Paul JAMES, aka Face; aka White Face; aka White Boy
Defendant-Appellant
 No. 94-50081.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Paul James appeals the sentence imposed for his conviction on one count of distributing cocaine base in violation of 21 U.S.C. Sec. 841. He also appeals from the district court's denial of his motion for discovery on his selective prosecution claim. We affirm.
 
 A. Role Adjustment
 
 3
 The district court denied James' motion for a reduction in his offense level. James contends that this was error because he was a minimal or minor participant and was entitled to a reduction pursuant to USSG Sec. 3B1.2.[1] We do not agree.
 
 
 4
 USSG Sec. 3B1.2(a) provides that if a defendant was a minimal participant in any criminal activity, his offense level will be decreased by four levels. Application note 1 of Sec. 3B1.2 explains that subsection (a) covers defendants who are "among the least culpable of those involved in the conduct of a group." Application note 2 posits that a reduction for minimal participation would be appropriate where "an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs."
 
 
 5
 The record reflects that James carried drugs to his co-defendant numerous times, safeguarded the drugs in his car, facilitated his co-defendant's drug business, and knew the scope of the enterprise. Where there is this kind of sustained involvement in the drug business, a defendant will not be eligible for reduction in offense level on the ground of his minimal participation. See United States v. Zweber, 913 F.2d 705, 710 (9th Cir. 1990); United States v. Sanchez-Lopez, 879 F.2d 541, 556-58 (9th Cir. 1989); United States v. Lui, 941 F.2d 844, 849 (9th Cir. 1991).
 
 
 6
 James also requested reduction in his offense level for being a minor participant. USSG Sec. 3B1.2(b) provides that if a defendant is a minor participant, his offense level will be decreased by two levels. Application note 3 defines a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal."
 
 
 7
 The district court articulated several facts to support the determination that James was not entitled to a reduction for being a minimal or minor participant. For example, James stored the drugs, was cognizant of the enterprise, owned a pager and consistently made himself available to his co-defendant. These factual findings were sufficient. United States v. Flores-Payon, 942 F.2d 556, 561 (9th Cir. 1991); Sanchez-Lopez, 879 F.2d at 557; United States v. Davis, 36 F.3d 1424, 1436 (9th Cir. 1994), cert. denied, U.S. , 115 S. Ct. 1147, 130 L. Ed. 2d 1106 (1995). This court has determined that even where a defendant is a courier, he may not be entitled to minor participation. See Zweber, 913 F.2d at 710; Davis, 36 F.2d at 1436-37; Lui, 941 F.2d at 849. In this case, James is more than a courier.
 
 
 8
 In addition, the fact that James was allowed not only to plead to only one of the counts in the indictment, but also to have the cocaine from the other counts excluded from consideration, meant that he was able to receive a lighter sentence than he would have received had all of the cocaine he delivered been considered. That weighs against a determination that James is entitled to an adjustment in his offense level. USSG Sec. 3B1.2 provides that reductions will ordinarily not be appropriate where a "defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct." USSG Sec. 3B1.2, comment. (n.4).
 
 
 9
 The provision "applies where the district court determines as a factual matter that the defendant has benefitted by virtue of the relative seriousness of his offense of conviction compared to his actual criminal conduct." United States v. Demers, 13 F.3d 1381, 1384 (9th Cir. 1994); see also United States v. Lillard, 929 F.2d 500, 503 (9th Cir. 1991); United States v. Gomez, 31 F.3d 28, 31 (2d Cir. 1994) (per curiam). While the district court did not expressly state that the added benefit James had reaped partly accounted for its refusal to grant a downward adjustment, the evidence was more than sufficient for the district court to have determined that James, in fact, delivered 174.9 grams, although only 28.5 grams were used in his sentencing.
 
 B. Selective prosecution
 
 10
 The government contends that James waived his selective prosecution claim on appeal, and it cites United States v. Cortez, 973 F.2d 764 (9th Cir. 1992), as support. Cortez recognizes that after a defendant has pled guilty, "'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of a guilty plea."' Id. at 766 (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973)). Cortez, however, addresses challenges made after a guilty plea that go to the validity of the indictment, not to challenges to sentencing decisions. We have permitted sentencing challenges to go forward even where there has been a plea bargain. See United States v. Redondo-Lemos, 955 F.2d 1296, 1297-1301 (9th Cir. 1992); United States v. Sustaita, 1 F.3d 950, 952 (9th Cir. 1993). Consequently, there was no waiver.
 
 
 11
 However, a review of the evidence which James submitted in support of his request for discovery on the issue of selective prosecution reveals that the district court did not abuse its discretion when it denied the request. In United States v. Armstrong we determined that "the proper standard for determining whether an adequate showing has been made by a defendant seeking discovery in connection with a selective prosecution charge" is the "colorable basis" standard. 48 F.3d 1508, 1510 (9th Cir. 1995) (en banc). In Armstrong, the defendants submitted a study which revealed that every case involving a charge under 21 U.S.C. Secs. 841 and 846 that the Federal Public Defender's Office in the Central District of California had closed in 1991 had a black defendant. We determined that the defendants had shown a colorable basis because they "provided statistical evidence suggesting that blacks are disproportionately charged with federal crack offenses," which the government had failed to refute. Id. at 1515.
 
 
 12
 A review of the evidence submitted in this case reflects that James did not meet his burden of demonstrating a colorable basis for his claim of selective prosecution. James attached two newspaper articles to his memorandum regarding sentencing factors. He also attached a toxicologist's report delineating the similarities between crack and powder cocaine. Finally, attached to his withdrawn motion to dismiss the indictment for selective prosecution was the declaration of his counsel, who testified on information and belief that James' arrest and prosecution were based on race discrimination. That affidavit was of no evidentiary value. Cf. Taylor v. List, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989); Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc., 944 F.2d 1525, 1529 (9th Cir. 1991), aff'd, U.S. , 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993).
 
 
 13
 James' evidence did not rise to the level of the showing required by Armstrong, where the primary evidence -- the main evidence relied upon by the district court -- was an actual statistical study of local prosecutions, not a couple of newspaper articles and an information and belief affidavit. Further, assuming that the newspaper articles can be properly considered evidence, the articles submitted did not support the claim of selective prosecution. For example, a graph in one article showed only that as a percentage, more black federal defendants than white federal defendants receive mandatory minimum sentences. In addition, the toxicologist's report is inapposite and James' counsel's declaration illuminates only his personal beliefs. Armstrong does not validate that feeble and unfocused a showing. In short, James' evidence was woefully inadequate.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Federal Rule of Appellate Procedure 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 All references are to the November, 1993 Guidelines