66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark George SOMES, Defendant-Appellant.
 No. 94-55907.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark Somes appeals pro se the denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. Somes was convicted by a jury of one count of mailing a threat to injure another person and to damage and destroy property with use of an explosive in violation of 18 U.S.C. Sec. 844(e) and two counts of mailing threatening communications with intent to extort a thing of value from another in violation of 18 U.S.C. Sec. 876. We review de novo, United States v. Johnson, 988 F.2d 941, 944 (9th Cir.1993), and affirm.
 
 
 3
 Somes raises several arguments concerning the sufficiency of the evidence, including whether the letters constituted threats and whether he had the requisite mental state. On direct appeal, we concluded that sufficient evidence supported Somes' convictions. United States v. Somes, No. 91-50502 (9th Cir. filed July 20, 1992). Accordingly, the district court properly declined to re-address this argument in the Sec. 2255 motion. See Polizzi v. United States, 550 F.2d 1133, 1135 (9th Cir.1976).
 
 
 4
 The district court concluded that Somes was procedurally barred from raising four claims: (1) that he was selectively prosecuted because the United States had information showing that Tom Metzger had encouraged Somes to write the letters, yet Metzger was not prosecuted for conspiracy; (2) that he was indicted for a legal fiction of extortion; (3) that the jury instructions on insanity and voluntary intoxication were flawed; and (4) that the introduction of enlarged photographs was prejudicial. The district court concluded that Somes had not shown cause for failing to raise these claims during the trial or on direct appeal. Somes argues that he established cause because he did not previously have an opportunity to study the transcripts or the law. Specifically as to his selective prosecution claim, Somes contends that he did not remember until after the trial that he had had a conversation with Metzger. This does not constitute cause. See Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (pro se's mental condition and reliance on jailhouse lawyers is not cause); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se's illiteracy is not cause). Even if Somes' memory lapse establishes cause for the failure to raise the selective prosecution claim, he cannot establish prejudice because he has not shown that the prosecution was motivated by a discriminatory purpose. See United States v. Wayte, 710 F.2d 1385, 1387 (9th Cir.1983) ("To establish selective prosecution, a defendant must show that others similarly situated have not been prosecuted and that the prosecution is based on an impermissible motive."), affirmed, 470 U.S. 598 (1985). Accordingly, the district court did not err by determining that Somes procedurally defaulted these claims.[1]
 
 
 5
 Somes' remaining claims lack merit and we affirm for the reasons stated by the district court.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We therefore deny Somes' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We assume for purposes of this appeal that the cause and prejudice standard applies to each of these claims. Cf. English v. United States, 42 F.3d 473, 477 (9th Cir.1994) ("Unless the defendant has violated some rule which required him to raise a claim or forfeit it, there is no procedural default, and the cause and prejudice standard does not apply."). Neither party briefed the issue and precedent indicates that Somes was required to raise each of these four claims at trial on penalty of waiver. See Fed.R.Evid. 103(a)(1) (requiring timely objection to the admission of evidence); English, 42 F.3d at 477-78 (Fed.R.Crim.P. 30 requires defendant to object to jury instructions before the jury retires and Fed.R.Crim.P. 12(b)(1) requires defendant to object to defective indictment before trial); United States v. Cortez, 973 F.2d 764, 765 (9th Cir.1992) (selective prosecution claim is waived unless properly raised before trial under Fed.R.Crim.P. 12(b)(1))