78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Raymond BURGESS, Defendant-Appellant.
 No. 95-35674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Carl Raymond Burgess appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Burgess contends that the indictment was defective and his attorney was ineffective. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and affirm.
 
 
 3
 A defendant who voluntarily and knowingly pleads guilty waives all nonjurisdictional defects in the criminal proceeding. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992). The claim that an indictment fails to state a crime survives a guilty plea. See United States v. Caperell, 938 F.2d 975, 977 (9th Cir.1991) (claim that indictment fails to state an offense is a claim of jurisdictional defect).
 
 
 4
 Burgess waived most of his challenges to the sufficiency of the indictment by pleading guilty. See Tollett, 411 U.S. at 266-67; Cortez, 973 F.2d at 766. The indictment sufficiently states the elements of, and the facts underlying, the crime of conspiracy to manufacture methamphetamine under 21 U.S.C. §§ 841(a)(1), 846. See Caperell, 938 F.2d at 979; United States v. Broncheau, 597 F.2d 1260, 1262-63 (9th Cir.) (indictment sufficient if it states the essential facts of a charge, or if the essential facts are necessarily implied), cert. denied, 444 U.S. 859 (1979).
 
 
 5
 Furthermore, Burgess waived his claim that his counsel was ineffective for failing to challenge the indictment, because he pleaded guilty. See Tollett, 411 U.S. at 266-67. To the extent that Burgess contends that his counsel misadvised him concerning his guilty plea, the claim fails because Burgess did not allege that he would have pleaded not guilty and insisted on going to trial had counsel informed Burgess of the allegedly defective indictment. Cf. Hill v. Lockhart, 474 U.S. 52, 60 (1985); Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986).
 
 
 6
 Because Burgess did not raise the claim in his § 2255 motion, we decline to consider his claim that Bailey v. United States, 116 S.Ct. 501 (1995) requires that we invalidate his guilty plea to 18 U.S.C. § 924(c)(1). See United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir.1990).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3