87 F.3d 1325
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lionel TOSON, Defendant-Appellant.
 No. 95-50272.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 1
 Before: CANBY, NOONAN, and LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Lionel Toson appeals his conviction and 151-month sentence imposed following entry of a guilty plea to three counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). Pursuant to Anders v. California, 386 U.S. 738 (1967), Toson's attorney has filed a brief stating he finds no issues for review. Toson has also filed a pro se supplemental brief. After conducting an independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), coupled with an examination of the issues Toson has raised in his supplemental brief, we affirm the district court's judgment.[1]
 
 
 4
 Toson contends that (1) he was not sentenced in accord with the guidelines because the district court relied on erroneous information in the presentence report; (2) the district court erred by not departing downward; and (3) the district court erred by denying his motion to dismiss for selective prosecution. These contentions lack merit.
 
 
 5
 Toson argues that references in the presentence report to uncharged conduct were used to enhance his sentence. This contention is unsupported by the record. Toson was sentenced as a career offender and received no sentence enhancements.
 
 
 6
 Next, Toson argues that the district court erred by failing to depart downward from the guidelines. This court, however, lacks jurisdiction to review a district court's discretionary decision not to depart downward from the guidelines. United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991). Accordingly, this contention lacks merit.
 
 
 7
 Finally, Toson contends that the district court erred by denying his pre-trial motion to dismiss for selective prosecution. Toson, however, subsequently entered an unconditional guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992). Because Toson entered an unconditional guilty plea, he waived the right to challenge his conviction. Accordingly, this contention also lacks merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The motion of Karl A. Rupp, Esq., to withdraw as counsel of record is granted