96 F.3d 1452
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ray TAYLOR, Defendant-Appellant.
 No. 95-50449.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1996.
Decided Sep. 3, 1996.
 
 1
 Before: FERNANDEZ and TASHIMA, Circuit Judges, and MERHIGE,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Michael Ray Taylor appeals from his conviction for distribution of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). Taylor challenges the district court's denial of his motion to dismiss the indictment on grounds of selective prosecution and for discovery on that issue. Taylor also seeks a remand for reconsideration of his request for a downward departure. We affirm.
 
 
 4
 Taylor contends that the district court erred by denying his motion to dismiss when African-Americans, including Taylor himself, are targeted for crack arrests to the exclusion of whites. On the same day that the selective-prosecution claim was rejected by the district court, Taylor pled guilty.
 
 ANALYSIS
 
 5
 I. Is the selective-prosecution defense foreclosed by the guilty plea?
 
 
 6
 A guilty plea generally waives the right to raise independent claims involving constitutional violations that occurred before the plea. United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)); United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989) (same), opinion amended on other grounds, 907 F.2d 115 (9th Cir.1990). However, "jurisdictional" claims are not waived by a guilty plea. Menna v. New York, 423 U.S. 61, 62 (1975); Blackledge v. Perry, 417 U.S. 21, 29-30 (1974); Cortez, 973 F.2d at 766-67; Montilla, 870 F.2d at 552.
 
 
 7
 We have not determined whether a selective-prosecution claim is jurisdictional. United States v. Cortez, 973 F.2d at 767 (not deciding issue, instead holding that claim could not be sustained on the record). However, because Taylor's claim fails on the merits, we need not decide this question now. Instead, we assume, without deciding, that the selective-prosecution claim is jurisdictional and therefore not foreclosed by the plea.
 
 
 8
 II. Was the refusal to dismiss for selective prosecution clearly erroneous?
 
 
 9
 The denial of a motion to dismiss for selective prosecution is reviewed for clear error. United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir.1996); United States v. Davis, 36 F.3d 1424, 1432 (9th Cir.1994), cert. denied, 115 S.Ct. 1147 (1995).
 
 
 10
 To establish a selective-prosecution defense, a defendant must show that the prosecutorial policy: (1) had a discriminatory effect; and (2) was motivated by a discriminatory purpose. United States v. Armstrong, 116 S.Ct. 1480, 1487 (1996). To establish discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted. Id. A defendant must present "clear evidence" to prevail on a selective-prosecution claim. Armstrong, 116 S.Ct. at 1486.
 
 
 11
 In addition, as a result of the guilty plea entered by Taylor, the selective-prosecution claim must be established on the face of the indictment and record as they stood at the time of the acceptance of the guilty plea. Cortez, 973 F.2d at 767 (citing United States v. Broce, 488 U.S. 563 (1989)); Montilla, 870 F.2d at 552 (same).
 
 
 12
 In support of his motion for discovery, Taylor presented the following evidence: (1) a declaration from J. Patrick Loofbourrow, an investigator with Federal Defenders of San Diego, Inc., attempting to show that most defendants charged with crack offenses in the Southern District of California were African-American; (2) a report published by the San Diego Association of Governments ("SDAG") suggesting that investigations for crack-related offenses are concentrated on areas heavily composed of African-Americans; and (3) two declarations from Dr. John Weeks, a professor at San Diego State University, concluding that (i) whites are considerably less likely than African-Americans to be arrested for cocaine or crack offenses, and (ii) when arrested for crack offenses, whites are far less likely to be prosecuted in federal court than are African-Americans.
 
 
 13
 This evidence does not establish the required discriminatory effect and purpose. First, the Loofbourrow declaration does not show a discriminatory intent or that similarly situated non-blacks were not prosecuted. Second, the report by SDAG does not include any information on the number of crack dealers outside the predominately African-American areas. Therefore, it fails to show the existence of a group of non-black crack dealers which could have been prosecuted, but were not.
 
 
 14
 Finally, to support its conclusion about arrest selectivity, Dr. Weeks' statistical study uses data about drug use by race. However, the study does not provide adequate support for the proposition that these data about crack users can be used to reach conclusions about crack dealers. Therefore, Dr. Weeks' conclusions about arrest selectivity are unhelpful because only crack dealers are similarly situated to Taylor.
 
 
 15
 The study by Dr. Weeks also concludes that, once arrested, African-Americans are more likely to be charged in federal court. To support this conclusion, the study compares general arrest data with the racial composition of a sample of defendants charged in federal court. The methodology employed is questionable because there was no attempt to show to what extent the sample of defendants studied was representative of all defendants charged in federal court for crack offenses.[1]
 
 
 16
 In any event, all of the study's conclusions and analyses fail to show discriminatory purpose because they do not demonstrate that the found disparities are motivated by racial discrimination. Nothing in the record shows that the government has acted motivated by a discriminatory purpose. Therefore, Taylor failed to show the existence of the requisite elements of a selective-prosecution claim. The district court did not err denying this motion.
 
 
 17
 III. The district court abuse its discretion in refusing to allow discovery on the selective-prosecution claim?
 
 
 18
 We review a denial of discovery relating to a selective-prosecution claim for abuse of discretion. United States v. Marshall, 56 F.3d 1210, 1211 (9th Cir.1995), cert. denied, 116 S.Ct. 1830 (1996); United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 506 U.S. 901 (1992).
 
 
 19
 As we explained above, even in cases in which the jurisdictional-claim exception applies, the claim in question must be established "from the face of the indictment or from the record" as it stood at the time of the guilty plea. Cortez, 973 F.2d at 767. By entering a guilty plea, a defendant relinquishes any opportunity he or she may have had of further developing the record with regard to the jurisdictional claim. Cortez, 973 F.2d at 767; Montilla, 870 F.2d at 552-53.
 
 
 20
 Therefore, we need not reach the issue of whether Taylor presented "some evidence tending to show the existence of the essential elements" of a selective-prosecution claim, a showing which would have entitled Taylor to discovery had he not pled guilty. Armstrong, 116 S.Ct. at 1488-89. Once the guilty plea was accepted, Taylor was precluded from expanding the record with new evidence to support his claim. Because the discovery request could not have led to the introduction of any new evidence, it is evident that the district court did not abuse its discretion in denying it.
 
 IV. Refusal to depart downward
 
 21
 A district court's discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal. Therefore, absent some indication that the district court believed it lacked authority to depart, the district court's refusal to depart downward will stand. United States v. Pinto, 48 F.3d 384, 389 (9th Cir.), cert. denied, 116 S.Ct. 125 (1995); United States v. Heim, 15 F.3d 830, 833 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994).
 
 
 22
 The record reveals that the sentencing court was aware of its authority to depart on the grounds offered by Taylor. The district court stated that "[t]he Court assumes it has the authority to depart. I'm not basing it on absence of power to do it, I'm basing it on the Court's exercise of discretion in this case...."
 
 
 23
 It is clear that, contrary to Taylor's contention, the district court did recognize its discretion to depart downward on Taylor's sentence. We cannot review the district court's discretionary refusal to depart.
 
 V. Conclusion
 
 24
 Taylor's conviction for distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1), is AFFIRMED. His appeal from the sentence is DISMISSED.
 
 
 
 *
 Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Taylor does attempt to make such a showing in a footnote in his opening brief. We cannot consider this information because it was not in the record at the time of the plea