122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin OROZCO, Defendant-Appellant.
 No. 96-10238.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Aug. 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-95-05237-OWW; Oliver W. Wanger, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Orozco appeals pro se his 210-month sentence imposed following a guilty plea to distribution of methamphetamine and possession of a listed chemical knowing that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (a)(2). As part of his plea, Orozco also agreed to forfeit $69,750.00 pursuant to 21 U.S.C. § 853. Orozco contends that the district court erred by: (1) grouping counts two and four pursuant to U.S.S.G. § 3D1.2(b); (2) failing to depart downward for sentencing entrapment; (3) aggregating the amount of methamphetamine sold and the estimated amount of methamphetamine to be produced in calculating his base offense level; (4) applying a two-point enhancement for possessing a firearm during a drug offense; and (5) violating double jeopardy by prosecuting him and seizing his money through criminal forfeiture. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Orozco's first three contentions are waived because he failed to object or raise them at sentencing. See United States v. Bauer, 84 F.3d 1549, 1563 (9th Cir.) (challenge to drug quantity waived where defendant did not object at sentencing), cert. denied, 117 S.Ct. 267 (1996), 117 S.Ct. 991, 117 S.Ct. 992, 117 S.Ct. 995 (1997).
 
 
 4
 Orozco contends that the district court erroneously applied a two-level enhancement for possession of a dangerous weapon during a drug offense, because the government failed to prove that he actively employed the gun as required by 18 U.S.C. § 924(c)(1). This claim lacks merit because active employment is not required in order to apply the U.S.S.G. § 2D1.1(b)(1) enhancement. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (1995); United States v. Watts, 117 S.Ct. 633, 637 (1997) (section 2D1.1(b)(1) enhancement applies as long as government can prove by a preponderance of the evidence that the weapon was present).
 
 
 5
 Finally, Orozco contends that the criminal forfeiture of his money violates double jeopardy because he was previously punished for his criminal acts.
 
 
 6
 A defendant who pleads guilty does not waive his subsequent claim of double jeopardy if it can be determined from the face of the indictment or the record that the sentencing court had no power to enter the conviction or impose the sentence. See United States v. Cortez, 973 F.2d 764, 767 (9th Cir.1992) (citing United States v. Broce, 488 U.S. 563, 569 (1989)). Double jeopardy is not violated when a drug conviction and criminal forfeiture are "part of the same proceeding arising out of the same indictment before the same court and resolved at the same time." United States v. Petty, 80 F.3d 1384, 1387 n. 1 (9th Cir.1996) (criminal forfeiture statute 21 U.S.C. § 853 imposes additional sanctions for violating drug laws and does not subject defendant to double punishment for same offense).
 
 
 7
 Here, the district court sentenced Orozco pursuant to a plea agreement in which he stipulated that he violated various drug laws and agreed to criminal forfeiture of the money used to buy the precursor chemicals. Because Orozco's drug conviction and criminal forfeiture were charged in one indictment and were part of the same proceeding before the same court, double jeopardy was not violated. See id. Therefore, Orozco's double jeopardy claim is waived because the face of the indictment and the record show that the sentencing court had authority to accept his plea and impose the sentence. See United States v. Cortez, 973 F.2d 764, 767 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3