**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50584 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00604-MMM |
| v. | |
| WILLIAM VANCE TURNER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Submitted August 23, 2010[**]

Before:    LEAVY, HAWKINS, and THOMAS, Circuit Judges.

William Vance Turner appeals from the 192-month sentence imposed

following his guilty-plea conviction for bank robbery, in violation of 18 U.S.C.

§ 2113(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Turner contends that his guilty plea was not knowing and voluntary because he was confused as to whether he could appeal the denial of pre-trial motions. However, on appeal Turner does not seek to challenge the denial of any pre-trial motions, but rather solely challenges his sentence. Because Turner's plea agreement preserves his right to challenge his sentence, his challenge to the validity of his guilty plea is irrelevant. Moreover, any confusion does not prejudice Turner on appeal, because he has not challenged any of the trial court's pre-trial rulings. *Cf. United States v. Cortez*, 973 F.2d 764, 767-68 (9th Cir. 1992).

With respect to the challenge to his sentence, Turner contends that the district court procedurally erred by failing to appreciate the significance of abuse he suffered while in prison and by failing to address his susceptibility to future abuse. The record reflects that the district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

Finally, contrary to Turner's contention, the sentence imposed is substantively reasonable under the totality of the circumstances. *See id.* at 993.

**AFFIRMED.**

09-50584