# FILED

**NOT FOR PUBLICATION**

JUN 27 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10566 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00015-HDM-WGC-2 |
| v. | |
| CAMERON MUHLENBERG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted June 14, 2016[**]
San Francisco, California

Before: D.W. NELSON, TASHIMA, and OWENS, Circuit Judges.

Cameron Muhlenberg appeals from his guilty plea conviction for four counts

of interfering with commerce by armed robbery in violation of the Hobbs Act, 18

U.S.C. § 1951, and one count of use of a firearm in violation of 18 U.S.C. § 924(c),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

arising from his participation in the armed robberies of four liquor and convenience stores. As the parties are familiar with the facts, we do not recount them here. We dismiss the appeal.

Muhlenberg argues that his guilty plea pursuant to a plea agreement, which contained an appeal waiver, does not bar this appeal because he is challenging "the right not to be haled into court at all." *United States v. Broce*, 488 U.S. 563, 574-75 (1989) (citation omitted). However, the Supreme Court has limited this exception to "those cases in which the district court could determine that the government lacked the power to bring the indictment at the time of accepting the guilty plea from the face of the indictment or from the record." *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir. 1992) (emphasis omitted) (citing *Broce*, 488 U.S. at 569, 576). Muhlenberg's appeal does not fall into this exception because his as-applied challenge to the constitutionality of the Hobbs Act requires further evidence and cannot be determined from the face of the indictment or from the record.

Accordingly, we dismiss Muhlenberg's appeal in light of his guilty plea pursuant to a plea agreement with an appeal waiver.

We deny Muhlenberg's motion for leave to submit supplemental briefing.

**DISMISSED**.