No. 86-158

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

GREG FLEMING,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas Alan Kragh, Polson, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Barbara Claassen, Asst. Atty. General, Helena
John R. Frederick, County Attorney, Polson, Montana

---

Submitted on Briefs: Oct. 23, 1986

Decided: January 2, 1987

Filed: JAN 2 - 1987

_Ethel M. Harrison_

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Greg Fleming appeals a Lake County District Court verdict convicting him of issuing bad checks, common scheme, a felony. Fleming was sentenced to three years in prison with all but ten days suspended subject to certain conditions, and ordered to pay restitution.

Three issues are raised on appeal:

1) Whether the District Court erred in denying the appellant's motion to dismiss the second amended information?

2) Whether the District Court erred in admitting testimony by a bank officer regarding appellant's signature?

3) Whether sufficient evidence exists to support the conviction of issuing bad checks as part of a common scheme?

We affirm.

On September 3, 1985, Fleming was charged by second amended information with issuing bad checks, common scheme, a felony, or in the alternative, theft, common scheme, a felony. The information specified that eleven checks "as well as others" constituted a common scheme. On September 17, 1985, Fleming filed a motion to dismiss which stated that the information failed to charge an offense and/or was not supported by probable cause. The motion was denied October 3, 1985. At trial, the State established that between January 1984 and April 1985, Fleming issued a total of 198 checks returned N.S.F. by the Ronan State Bank, the depository bank. Representatives of six merchants in the Lake County area testified in regard to nine of the N.S.F. checks listed in the amended information. The managing officer and executive vice president of the bank testified that written notice is sent by the bank to a customer when

insufficient funds are available to pay a particular check. The bank officer provided copies of Fleming's bank statements for the months of January 1984 through May 1985, which were admitted into evidence to show that 198 of Fleming's checks had been returned by the bank due to insufficient funds. The bank officer further testified that he had known Fleming since birth and because of his personal contact with Fleming at the bank, he was familiar with Fleming's signature. Prior to trial, the officer inspected Fleming's signature card filed with the bank and at trial identified the mark placed on the checks by the bank showing that the checks had indeed been returned due to insufficient funds. He concluded his testimony by stating that in his opinion, Fleming wrote the checks in question. On January 31, 1986, the District Court found Fleming guilty of issuing bad checks, common scheme, a felony, under § 45-6-316, MCA. The court dismissed the alternative count of theft, common scheme, a felony.

The first issue is whether the District Court erred in denying the appellant's motion to dismiss the second amended information. Fleming argues that he was not adequately apprised of the charges being brought against him, and that the allegation of a common scheme of issuing bad checks should only be considered as a sentencing matter.

The statute under which Fleming was charged, § 45-6-316, states as follows:

> (1) A person commits the offense of issuing a bad check when he issues or delivers a check or other order upon a real or fictitious depository for the payment of money knowing that it will not be paid by the depository.
>
> (2) If the offender has an account with the depository, failure to make good the check or other order within 5 days after written notice of nonpayment has been

received by the issuer is prima facie evidence that he knew that it would not be paid by the depository.

(3) A person convicted of issuing a bad check shall be fined not to exceed $500 or be imprisoned in the county jail for any term not to exceed 6 months, or both. If the offender has engaged in issuing bad checks which are part of a common scheme or if the value of any property, labor, or services obtained or attempted to be obtained exceeds $300, he shall be fined not to exceed $50,000 or be imprisoned in the state prison for any term not to exceed 10 years, or both. (Emphasis added.)

The second amended information charged that:

on or about the dates stated below . . . Greg Fleming, with the purpose to secure property, to-wit: merchandise, services, or money from the following businesses or persons, issued or delivered the following checks, upon a depository . . . knowing that they would not be paid by the depository . . . The above checks, as well as others constituted a Common Scheme or were issued to obtain property, labor, or services which exceeded $300.00 in value . . .

The information charges the offense in the language of § 45-6-316, MCA, and matches eleven checks with a particular payee, amount, and date. Montana follows the general rule that an information is sufficient if it properly charges an offense in the language of the statute describing the offense thereby sufficiently apprising the accused of the crime charged. It need not be perfect. State v. Pearson (Mont. 1985), 704 P.2d 1056, 1059, 42 St.Rep. 1253, 1256. It follows that Fleming was clearly on notice of the charges being brought against him. In addition we reject Fleming's argument that the common scheme concept should only be considered as a sentencing matter.

"Common scheme" is defined in § 45-2-101(7), MCA as "a series of acts or omissions motivated by a purpose to

4

accomplish a single criminal objective <u>or</u> <u>by</u> <u>a</u> <u>common</u> <u>purpose</u> <u>or</u> <u>plan</u> <u>which</u> <u>results</u> <u>in</u> <u>the</u> <u>repeated</u> <u>commission</u> <u>of</u> <u>the</u> <u>same</u> <u>offense</u> or affects the same person or the same persons or the property thereof." (Emphasis added.)

In State v. Renz (Mont. 1981), 628 P.2d 644, 646, 38 St.Rep. 720, 723, we said that proof of common scheme requires proof that the suspect series of acts constitute a common criminal scheme. These acts must be either individually incomplete such that they show that a single crime had been committed, or be acts which closely follow one another evidencing a continuing criminal design.

Common scheme is clearly an element to be charged and proven under § 45-6-316, MCA, as it is specifically mentioned in subsection (3) of the statute. The District Court found that Fleming was involved in a common scheme which resulted in the repeated commission of the same offense, issuing a bad check. We agree with this finding.

The second issue is whether the District Court erred in admitting testimony by a bank officer regarding appellant's signature.

Rule 901, M.R.Evid., provides:

> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> . . .
>
> (2) Nonexpert opinion on handwriting. Nonexpert opinion as to the genuineness of handwriting, based upon familiarity

justifies the District Court's conclusion that the requirements of § 45-6-316, MCA, have been met. It was proven that Fleming issued or delivered a total of nine checks to various businesses and individuals over the course of a year, knowing that the checks would not be paid by his bank. The repeated issuance of one bad check after another fits the definition of a common scheme as found in the statute. The decision of the District Court was correct.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7

accomplish a single criminal objective <u>or</u> <u>by</u> <u>a</u> <u>common</u> <u>purpose</u> <u>or</u> <u>plan</u> <u>which</u> <u>results</u> <u>in</u> <u>the</u> <u>repeated</u> <u>commission</u> <u>of</u> <u>the</u> <u>same</u> <u>offense</u> or affects the same person or the same persons or the property thereof." (Emphasis added.)

In State v. Renz (Mont. 1981), 628 P.2d 644, 646, 38 St.Rep. 720, 723, we said that proof of common scheme requires proof that the suspect series of acts constitute a common criminal scheme. These acts must be either individually incomplete such that they show that a single crime had been committed, or be acts which closely follow one another evidencing a continuing criminal design.

Common scheme is clearly an element to be charged and proven under § 45-6-316, MCA, as it is specifically mentioned in subsection (3) of the statute. The District Court found that Fleming was involved in a common scheme which resulted in the repeated commission of the same offense, issuing a bad check. We agree with this finding.

The second issue is whether the District Court erred in admitting testimony by a bank officer regarding appellant's signature.

Rule 901, M.R.Evid., provides:

> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> . . .
>
> (2) Nonexpert opinion on handwriting. Nonexpert opinion as to the genuineness of handwriting, based upon familiarity

5

> not acquired for purposes of the litigation.

Subsection (b)(2) expresses the rule observed at common law and in Montana that a nonexpert may give his opinion on the genuineness of handwriting if he is familiar with that handwriting. See Commission Comment to Rule 901(b)(2), M.R.Evid.

The managing officer and executive vice president of the bank which handled the checks testified that he was familiar with Fleming's signature. The bank official's familiarity was gained through having known Fleming since birth, his personal contact with Fleming at the bank, and his review of Fleming's signature card on file at the bank. The bank officer stated that comparing signature cards with the signatures on individual checks was part of his job at the bank. He concluded that, in his opinion, Fleming wrote the checks in question.

We believe the bank officer was sufficiently qualified to render an opinion as to the author of the checks admitted into evidence.

The final issue is whether sufficient evidence exists to support the conviction of issuing bad checks as part of a common scheme.

The test applied by this Court where sufficiency of the evidence is an issue on appeal in a criminal case, whether the trial is by jury or not, is the substantial evidence test. This test is met if a reasonable mind would accept the evidence as supporting the conclusion reached. In applying this test the evidence is viewed in a light most favorable to the prevailing party. State v. Oman, (Mont. 1985), 707 P.2d 1117, 1120, 42 St.Rep. 1565, 1568. The evidence clearly

6