No. 93-327

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


ROBERT HAGAN,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.


APPEAL FROM:   District Court of the Sixteenth Judicial District,
In and for the County of Rosebud,
The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              Jay F. Lansing, Moses Law Firm,
              Billings, Montana

       For Respondent:

              Hon. Joseph P. Mazurek, Attorney General,
              Carol E. Schmidt, Assistant Attorney
              General, Helena, Montana

              Garry P. Bunke, Custer County Attorney,
              Miles City, Montana

FILED

Filed: MAR 22 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  February 17, 1994

Decided:  March 22, 1994

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Robert Hagan filed a petition for post-conviction relief in the District Court for the Sixteenth Judicial District in Rosebud County after he pled guilty and was convicted of attempted sexual intercourse without consent, in violation of § 45-5-503, MCA (1987). Hagan alleged that his conviction was improper and violated his constitutional rights because the victim was his natural daughter and the only crime with which he could have been charged, convicted, and sentenced was incest, in violation of § 45-5-507, MCA (1987). Following a hearing on the merits of Hagan's petition, the District Court dismissed the petition for post-conviction relief.

We affirm.

The issue on appeal is whether the District Court erred when it dismissed Hagan's petition for post-conviction relief.

On February 27, 1989, the Rosebud County Attorney charged Robert Hagan in the District Court for the Sixteenth Judicial District with attempted sexual intercourse without consent, a felony, in violation of § 45-5-503, MCA (1987), and aggravated assault, a felony, in violation of § 45-5-202, MCA. The alleged victims of the charged offenses were Hagan's minor daughters.

On September 14, 1989, Hagan pled guilty to the offense of attempted sexual intercourse without consent. This plea was not the result of a plea bargain agreement but was entered after Hagan signed an acknowledgment of his rights. During the hearing on this matter, Hagan's attorney testified that he had advised Hagan that

2

the offense of incest, which carries a lower maximum penalty, may have been the most applicable offense based on the alleged conduct. However, Hagan's attorney stated that Hagan was pleading guilty to the offense described in the information, which was attempted sexual intercourse without consent. Based on the testimony received and the court's questioning of Hagan, the court found that Hagan was competent, and had entered his guilty plea knowingly and voluntarily. The District Court also found that Hagan understood he was waiving all of his rights, including the right to appeal a finding of guilt, by pleading guilty.

The charge of aggravated assault was reduced by the State to the charge of misdemeanor assault. Hagan also pled guilty to the reduced charge.

The District Court sentenced Hagan to 30 years in the Montana State Prison, with ten suspended if Hagan met certain conditions, for the offense of attempted sexual intercourse without consent, and to six months imprisonment in the Rosebud County Jail for the offense of misdemeanor assault. The Court further ordered that the two sentences be served consecutively, and designated Hagan a dangerous offender for purposes of parole eligibility.

Hagan did not appeal the entry of his guilty pleas to this Court. However, on May 29, 1992, Hagan filed a petition in the District Court for post-conviction hearing and relief, pursuant to §§ 46-21-101 through -203, MCA.

In his petition, Hagan argued that sexual intercourse without consent, in violation of § 45-5-503, MCA (1987), and incest, in

3

violation of § 45-5-507, MCA (1987), are two separate and distinct crimes, and due to the fact that the alleged victim was Hagan's natural daughter, the only offense with which he could have been charged, convicted, and sentenced was the offense of incest. He further argued that if the court found that these two offenses were not separate and distinct crimes, and if Hagan could be charged, convicted, and sentenced for either crime for the same or identical conduct, then his constitutional rights were violated, including his rights to equal protection and due process of law, as well as the separation of powers doctrine. Based on these assertions, Hagan sought relief from his conviction for attempted sexual intercourse without consent, and requested the court to vacate and set aside that conviction and to order that he be charged with the offense of incest which carries a lower maximum penalty.

Hagan did not assert in his petition for post-conviction relief that his guilty plea to either charge was made involuntarily or unknowingly, or that he had ineffective assistance of counsel at the time the plea was entered.

On July 1, 1992, the State moved to dismiss the petition for post-conviction relief on the grounds that Hagan was procedurally barred from seeking the relief requested pursuant to § 46-21-105, MCA, because he could have raised these claims on direct appeal.

The District Court denied the motion to dismiss and ordered the State to address the merits of Hagan's petition.

An evidentiary hearing was held to allow evidence in support of Hagan's petition on December 7, 1992. At that time, in addition

4

to testimony concerning the merits of the petition, John Forsythe, the attorney who had represented Hagan during the criminal proceedings, testified about Hagan's mental state when the criminal charges were brought against him. Forsythe testified that Hagan was very distraught and "self-destructive" and "acted against his interests regularly, and seemed to do everything he could to harm his own best interests with respect to the criminal charges." Nonetheless, Forsythe confirmed that he had discussed the issue of incest with Hagan and pointed out that it carried a lower maximum penalty. However, Hagan insisted this defense not be brought up because he wanted to be "punished" by receiving the maximum penalty for his acts. Forsythe conceded that Hagan's waiver of that issue was voluntary, but alleged that it was not an intelligent waiver because Hagan "wasn't acting in his own self-interest."

On cross-examination, Forsythe stated that he did not believe Hagan suffered from any mental defect which would have excused liability under the penal statutes. He testified that Hagan was "intelligent, competent, [and] aware" and had made a voluntary decision to plead guilty.

On May 14, 1993, the District Court issued its opinion and order. The court first held that Hagan's claims were jurisdictional and were not waived by pleading guilty. However, after considering the merits of Hagan's petition, the court concluded there were no grounds for relief and dismissed the petition for post-conviction relief. From this order, Hagan appeals.

5

Did the District Court err when it dismissed Hagan's petition for post-conviction relief?

It is well established that a plea of guilty which is voluntarily and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea. *State v. Turcotte* (1974), 164 Mont. 426, 428, 524 P.2d 787, 788. Thereafter, the defendant "may only attack the voluntary and intelligent character of his plea." *State v. Hilton* (1979), 183 Mont. 13, 18, 597 P.2d 1171, 1174 (citing *Tollett v. Henderson* (1973), 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235). As stated by the Supreme Court in *Tollett*, 411 U.S. at 267:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the plea . . . .

The District Court based its dismissal of Hagan's request for post-conviction relief upon its conclusion that his constitutional rights, including his rights to equal protection and due process of law, as well as the separation of powers doctrine, were not violated when he was charged, convicted, and sentenced for attempted sexual intercourse without consent. Without addressing the merits of the court's conclusions, we conclude that a proper basis for denying post-conviction relief is Hagan's waiver of the

6

right to raise these claims after entering a knowing and voluntary guilty plea. This Court will uphold the decision of a district court, if correct, regardless of the lower court's reasoning in reaching its decision. *Wolfe v. Webb* (1992), 251 Mont. 217, 824 P.2d 240; *District No. 55 v. Musselshell County* (1990), 245 Mont. 525, 802 P.2d 1252.

In this instance, Hagan does not challenge the voluntary and intelligent nature of his plea. Moreover, as demonstrated by the transcripts from both the plea hearing and the post-conviction hearing, there is ample evidence that Hagan was competent and had voluntarily and knowingly entered the plea, understood the consequences of the plea, and had been informed prior to entering the plea that an offense with a lower maximum penalty may have been applicable to the conduct for which he was charged.

The District Court based its conclusion that Hagan's claims were jurisdictional on *Sword v. State* (Wyo. 1987), 746 P.2d 423, 425-26. However, we disagree. In *United States v. Cortez* (9th Cir. 1992), 973 F.2d 764, 767, the Ninth Circuit, citing *United States v. Broce* (1989), 488 U.S. 563, 109 S. Ct. 757, 102 L. Ed. 2d 927, described jurisdictional claims in the context of waiver as "those cases in which the district court could determine that the government lacked the power to bring the indictment *at the time of accepting the guilty plea from the face of the indictment or from the record*." We agree and hold that jurisdictional claims, in the context of waiver, are limited as

7

described in *Cortez*. In this instance, we conclude that Hagan's claims are nonjurisdictional because, at the time of accepting the guilty plea, the State did have the power to bring charges against Hagan based on his alleged conduct and nothing to the contrary was evident from the face of the information.

Because the validity of Hagan's guilty plea is not in question, we conclude that Hagan is precluded from seeking post-conviction relief on the bases that the offense of incest was more applicable to the facts in this case and that his constitutional rights were violated when he was charged with attempted sexual intercourse without consent. These nonjurisdictional claims were waived when he entered his guilty plea and we decline to address the merits of these arguments. The petition for post-conviction relief was properly denied.

Accordingly, the order of the District Court dismissing Hagan's petition for post-conviction relief is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8

March 22, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Jay F. Lansing
Moses Law Firm
P.O. Box 2533
Billings, MT 59103

Hon. Joseph P. Mazurek
Attorney General
Justice Bldg.
Helena, MT 59620

Garry P. Bunke, Esq.
Special Prosecutor for Rosebud County
P.O. Box 1407, 315 Main
Miles City, MT 59301


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy