JUSTICE LEAPHART,
dissenting.
I would grant the Petition for Post-Conviction relief on double jeopardy grounds with regard to the conviction of Issuing a Bad Check, a Felony in the Eighth Judicial District Court, Cause No. ADC-91-56. Under State v. Hagan (1994), 265 Mont. 31, 873 P.2d 1385, this Court held that jurisdictional claims are narrowly limited to “those cases in which the district court could determine that the government lacked the power to bring the indictment at the time of accepting the guilty plea from the face of the indictment or from the record.” Hagan, 265 Mont. at 36, 873 P.2d at 1388 (citing United States v. Broce (1989), 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927. The State does not contest Petitioner’s assertion that the Eighth Judicial District Court accepted Mr. Stilson’s guilty plea on the same *27 day that it sentenced him. On that same day, the Eighth Judicial District Court had before it the Pre-Sentence Investigation Report (PSI) prepared with regard to Stilson’s previous conviction in Missoula County for the same check writing scheme! The Missoula County PSI in turn references the fact that Stilson was convicted in Lewis & Clark County with regard to the same check writing scheme. Thus, it is clear to me that when the Eighth Judicial District Court accepted Stilson’s plea of guilty on June 14, 1991, the “record” of the two prior convictions was both available and sufficient for the court to determine that, due to the constitutional prohibitions against placing a person twice in jeopardy, the government lacked the power to bring the charges at issue.
As to whether defendant’s state-wide check writing conduct can be broken into separate “common schemes” in which each county charges a common scheme limited to the checks written in that particular county, I note that the Cascade County Information CDC 91-096, charges defendant with Issuing a Bad Check, a Felony, a common scheme. The Information then makes reference to one check which was issued in Cascade County. It is axiomatic that more than one check is necessary in order to constitute a “common scheme.” One cannot tell from the face of the Information whether the other checks necessary to constitute the “common scheme” were written in Cascade County or were the same checks which were the basis for the charges in Lewis & Clark and Missoula Counties. The Cascade County Judgment does, however, reference the fact that the defendant was convicted for writing bad checks in Missoula and Helena.
Accordingly, I cannot conclude that the Cascade County charge of “common scheme” was based solely upon checks issued in Cascade County and that it did not encompass checks from other counties wherein the defendant had already been put in jeopardy.
JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing dissent of JUSTICE LEAPHART.