No. 96-093

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

    Plaintiff and Respondent,

v.

LLOYD F. LONE ELK,

    Defendant and Appellant.



FILED

DEC 1 8 1997

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Roberta A. Drew, Deputy Public Defender, Billings, Montana

    For Respondent:

        Joseph P. Mazurek, Attorney General, Pamela P. Collins, Assistant
Attorney General, Helena, Montana; Stacy Farmer, Deputy Yellowstone
County Attorney, Billings, Montana

Submitted on Brief: August 7, 1997

Decided: December 18, 1997

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Group and to State Reporter Publishing Company.

In proceedings before the Thirteenth Judicial District Court, Yellowstone County, Lloyd F. Lone Elk pled guilty to a charge of felony domestic abuse of his wife. He now appeals, arguing that his wife's extra-judicial statement may not be admitted into evidence as an excited utterance without independent evidence of the underlying startling event, and that a conviction based on hearsay violates the right to confrontation under the U.S. and Montana Constitutions. We affirm, based on our conclusion that when Lone Elk entered his guilty plea, he waived appeal of both issues which he now raises.

On May 27, 1995, Lone Elk's wife approached two police officers on a Billings, Montana street, yelling hysterically that her husband had been beating her up and pushed her down. Moments later, Lone Elk approached and identified himself, whereupon he was arrested for domestic abuse. Lone Elk's wife subsequently decided not to testify against him.

The information filed against Lone Elk alleged that "he fought with and pushed to the ground Beverly Lone Elk, his wife, scaring her." The State proposed to offer into evidence the police officers' testimony concerning Mrs. Lone Elk's statement to them when she first approached them. Lone Elk's position was that this statement must be suppressed.

On September 6, 1995, Lone Elk entered a plea of guilty, reserving the right to argue his yet-to-be-filed motion to dismiss based upon his contention that Mrs. Lone Elk's statement to the two police officers must be suppressed. At the top of the written plea agreement form was a handwritten "NOTE":

> State and Defendant and the Ct. agree that if the Defense prevails on their Motion regarding confrontation of accuser and hearsay exceptions the D will be allowed to w/draw plea.

The written plea agreement also included the hand-written notation: "Conditional plea ct. retains jurisdiction to settle legal issues."

At the end of the change of plea hearing, the court sentenced Lone Elk to two years in prison, all suspended. Subsequently, as agreed and anticipated under the plea agreement, Lone Elk filed his motion to dismiss. In December 1995, after briefing and a hearing on the legal issues, the court denied the motion to dismiss. Lone Elk appeals.

Our review of the record concerning the plea agreement as discussed in open court on September 6, 1995, and as memorialized in the written plea agreement establishes that the agreement had nothing to do with reserving any issue for appeal. Rather, the agreement was that Lone Elk would be allowed to withdraw his guilty plea if he prevailed on the motion to dismiss which he planned to file in District Court.

No mention was made in the court below that Lone Elk was reserving any issues for appeal under § 46-12-204(3), MCA. Therefore, we conclude that the general rule applies: all alleged nonjurisdictional defects, including claims of constitutional violations, are waived

3

upon entry of a guilty plea. The defendant may only attack the voluntary and intelligent character of his plea. See Stilson v. State (1996), 278 Mont. 20, 22, 924 P.2d 238, 239. Lone Elk does not claim on appeal that his guilty plea was not voluntarily or intelligently entered.

Because Lone Elk failed to reserve any issues for appeal under § 46-12-204(3), MCA, when he pleaded guilty, he waived appeal concerning the admissibility of his wife's statement, and his conviction is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

4

December 18, 1997

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

L. SANFORD SELVEY, II & ROBERTA A. DREW
YELLOWSTONE COUNTY PUBLIC DEFENDERS
2708 FIRST AVENUE NORTH SUITE 400
BILLINGS MT 59101

HON. JOSEPH P. MAZUREK, ATTORNEY GENERAL
PAM COLLINS, ASSISTANT
215 NORTH SANDERS
HELENA MT 59620

STACY R. FARMER
YELLOWSTONE COUNTY ATTORNEY'S OFFICE
BOX 35025
BILLINGS MT 59107-5025

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy