No. 98-317

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 269N

TONI LEE DESJARDIN,

Petitioner and Appellant,

v.

NEIL M. TRAVIS, Judge, City of Livingston, Montana,

Respondent and Respondent.

APPEAL FROM: District Court of the Sixth Judicial District,

In and for the County of Park,

The Honorable Wm. Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jack Yardley; Yardley & Yardley, Livingston, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General,

Cregg W. Coughlin, Ass't Attorney General, Helena, Montana

Bruce Becker, Livingston City Attorney, Livingston, Montana

Submitted on Briefs: October 29, 1998

Decided: November 12, 1998

Filed:

No

_____

Clerk


Justice Karla M. Gray delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. Toni Lee Desjardin (Desjardin) appeals from the order of the Sixth Judicial District Court, Park County, denying her petition for writ of review and its subsequent order denying her motion to reconsider. We affirm.**

**¶3. The dispositive restated issue on appeal is whether the District Court erred in denying Desjardin's petition for writ of review.**

BACKGROUND

**¶4. Desjardin was cited into the City Court of Livingston on charges of driving without a valid driver's license and driving without insurance. She consulted with an attorney, who advised her to plead not guilty to both charges. Desjardin then appeared in the City Court and pled guilty to the driver's license charge and not guilty to the driving without insurance charge. While still before the court, Desjardin pled guilty to the insurance charge and the City Court sentenced her on the convictions.**

**¶5. Desjardin then retained counsel and moved to dismiss the misdemeanor charges**

on the basis that no probable cause existed to issue the citations. The specific relief requested was that the guilty pleas be withdrawn and the charges dismissed. The motion did not seek to withdraw Desjardin's guilty pleas on the basis that the pleas were not knowingly, voluntarily and intelligently entered and, indeed, such a request would have been at odds with her motion to dismiss the charges. The City Court denied Desjardin's motion to dismiss on the merits, concluding that particularized suspicion for the investigatory stop existed which ripened into probable cause to issue the citations.

¶6. Desjardin filed a notice of appeal to the District Court of the City Court's convictions and denial of her motion to dismiss the charges. The City Court denied the appeal on the basis that the entry of a guilty plea in a court of limited jurisdiction waives the right of trial *de novo* in district court.

¶7. Desjardin then filed a petition for writ of review in the District Court which, like her motion to dismiss in the City Court, was premised on the purported lack of probable cause. The writ was issued directing the City Court to forward its transcript of the record and proceedings in Desjardin's case, along with its affidavit concerning her plea and the circumstances surrounding it.

¶8. Prior to the City Court's response to the writ, Desjardin filed her own affidavit. There, for the first time, Desjardin expressly stated that she had not knowingly, voluntarily and intelligently changed her plea to the insurance charge, but had done so only at the direction of the City Court. She also filed a brief, which blended the arguments previously made in the City Court concerning lack of probable cause with her new arguments relating to lack of a voluntary guilty plea to the insurance charge. The City Court's affidavit stated that, on its inquiry of Desjardin regarding whether she wished to continue with her original plea of not guilty to the insurance charge, she "indicated that she did not, and entered a plea of guilty."

¶9. After considering the parties' briefs and affidavits, the District Court issued its order dismissing the writ. It concluded that Desjardin had no right to appeal from the entry of her knowing and voluntary guilty pleas and, in addition, that her entry of those pleas constituted a waiver of her right to appeal regarding the absence of probable cause for the citations. Desjardin moved for reconsideration, the District Court denied the motion and Desjardin appeals.

## DISCUSSION

**¶10. Did the District Court err in denying Desjardin's petition for writ of review?**

**¶11. Section 27-25-102(2), MCA, authorizes a district court to grant a writ of review when a tribunal exercising judicial functions has exceeded its jurisdiction and "there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy." The District Court focused primarily on the appeal/remedy portion of the test for granting a writ of review, and we will follow its lead.**

**¶12. With regard to Desjardin's guilty pleas, she attempted to prove, in the District Court, that those pleas were not voluntary and knowing. The flaw in her approach, however, is that she did not attempt to withdraw those pleas on that basis in the City Court. As discussed above, her motion to dismiss in the City Court was based on the alleged lack of probable cause for the citations. Had Desjardin actually moved the City Court to withdraw her pleas on the basis that they were not knowingly and voluntarily entered, and had the City Court denied that motion, she could have appealed that ruling. None of these events having occurred, and no authority existing for seeking to withdraw guilty pleas on the basis that they were not voluntary in a court other than the court in which the pleas were entered, the District Court properly concluded that Desjardin had no remaining right to appeal from the entry of her guilty pleas.**

**¶13. With regard to Desjardin's claim that probable cause for the citations was lacking, she did not raise, or preserve, that issue prior to entering her guilty pleas and it is well settled that a guilty plea voluntarily and understandingly made constitutes a waiver of all nonjurisdictional defects and defenses.** *See, e.g.,* **Stilson v. State (1996), 278 Mont. 20, 22, 924 P.2d 238, 239; Hagan v. State (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387. Once such a guilty plea is made, only the voluntary and intelligent character of the plea can be attacked; independent claims relating to alleged prior legal error or deprivations of constitutional rights may not be raised. State v. Wheeler (1997), 285 Mont. 400, 402, 948 P.2d 698, 699 (citation omitted). As discussed above, Desjardin did not make a proper attempt to attack the voluntary and intelligent nature of her guilty pleas in the City Court. Thus, those pleas remained valid and constituted a waiver of the alleged absence of probable cause defect. For purposes of the writ of review proceeding at issue here, she had an appeal and a plain, speedy and adequate remedy regarding the absence of probable cause**

issue; by entering her guilty pleas, she failed to preserve the issue and voluntarily waived the right to appeal it. The District Court did not err in so concluding.

¶14. We hold that the District Court did not err in denying Desjardin's petition for writ of review.

¶15. Affirmed.


/S/ KARLA M. GRAY


We concur:


/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.