No. 00-139

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 77N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

BRANT GILBERT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                      In and For the County of Yellowstone,
                      Honorable G. Todd Baugh, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

        Brant Gilbert, pro se, Glendive, Montana

        For Respondents:

        Honorable Mike McGrath; Attorney General; Pamela P. Collins,
        Assistant Attorney General, Helena, Montana

        Dennis Paxinos, County Attorney, Billings, Montana

        Submitted on Briefs:  February 14, 2002

                    Decided:  April 18, 2002

Filed:

                                Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Brant Gilbert (Gilbert), appearing pro se, appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief. We affirm.

## BACKGROUND

¶3     In two separate cases in early 1993, Gilbert pled guilty to a total of three counts of felony theft in Yellowstone County, Montana. He was sentenced to eight years in the Montana State Prison (MSP), with four years suspended, on the first two counts. On the third count, Gilbert was sentenced to an additional four years in the MSP, suspended on conditions, to run consecutively with the earlier sentence. He subsequently was incarcerated in the MSP.

¶4     While at the MSP, Gilbert voluntarily agreed to participate in the Swan River Correctional Training Center (Swan River) "boot camp" program in an effort to earn good time credits and credit toward parole. The program entails 90 to 120 days of rigorous discipline and requires participants to fully and completely disclose, and take responsibility for, all of their criminal behaviors. While enrolled in the program, Gilbert disclosed to Swan

River staff that he had randomly shot a person in Yellowstone County with a shotgun in November of 1992. Gilbert subsequently wrote a letter to the Billings Police Department and also gave a statement to a Billings police detective admitting the shooting.

¶5 In December of 1993, the State of Montana (State) charged Gilbert by information with attempted deliberate homicide. Gilbert pled not guilty to the charge. In April of 1994, however, he withdrew that plea and entered a guilty plea. The reconstructed record of the change of plea hearing reflects an extensive colloquy regarding the rights Gilbert would give up on acceptance of the guilty plea. The record also reflects an in-depth discussion of Gilbert's insistence on pleading guilty against the advice of his counsel, and counsel's several urgings to Gilbert that he should move to suppress the Swan River confession. Gilbert's plea of guilty to attempted deliberate homicide was accepted.

¶6 The court held a sentencing hearing in June of 1994, which included testimony from numerous defense witnesses. During the hearing, in light of testimony indicating that Gilbert's statement at Swan River admitting the shooting may have been coerced, the judge expressly offered Gilbert the opportunity to withdraw his plea. Gilbert declined, and the court sentenced him to terms of 35 years in the MSP for the offense of attempted deliberate homicide and 10 years for the use of a weapon, to run consecutively. The court further restricted Gilbert's parole eligibility for a period of 10 years.

¶7 Gilbert subsequently filed a pro se petition for postconviction relief alleging denial of effective assistance of counsel during the attempted deliberate homicide proceedings on the basis that his counsel did not object to the violation of his right against self-incrimination

3

with regard to the Swan River confession. The District Court denied Gilbert's petition, and Gilbert appeals.

DISCUSSION

¶8 Gilbert contends that he was denied effective assistance of counsel during the attempted deliberate homicide proceedings and that he is entitled to an evidentiary hearing. Both of his contentions are premised on the alleged ineffective assistance of his counsel in failing to move to suppress his Swan River confession and to dismiss the information filed against him. We decline to address the merits of Gilbert's assertions of ineffective assistance of counsel and error by the District Court in denying his postconviction relief petition.

¶9 As outlined above, the record before us is clear that Gilbert entered his guilty plea against his counsel's advice and urgings to be allowed to file the very motion to suppress he now faults counsel for not filing. A party may not assert error for an action in which the party acquiesced or actively participated. *See State v. Harris*, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32 (citation omitted). Here, Gilbert insisted–in open court–that his counsel not file a motion to suppress his Swan River confession. At sentencing, he declined the court's offer to withdraw his guilty plea when the issue of possible coercion of the confession arose. It is hard to imagine a record in which a party participated more actively in an alleged error.

¶10 Moreover, even assuming *arguendo* that a violation of Gilbert's constitutional right against self-incrimination occurred, he waived the right to raise that issue in this case when he entered his guilty plea. "It is well established that a plea of guilty which is voluntarily and

4

understandingly made constitutes a waiver of . . . constitutional violations which occurred prior to the plea." *Hagan v. State* (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387 (citation omitted).

¶11    For these reasons, we conclude that Gilbert waived his right to raise an alleged constitutional violation of his right against self-incrimination–either directly on appeal or indirectly via the ineffective assistance of counsel claim on which his postconviction petition was premised.  In doing so, we observe that the District Court denied the petition on a different basis.  "This Court will uphold the result reached in the district court, regardless of the reasoning used by the district court, if the decision is correct."  *Norman v. City of Whitefish* (1993), 258 Mont. 26, 30, 852 P.2d 533, 535 (citations omitted).  Accordingly, we hold the District Court did not err in denying Gilbert's petition for postconviction relief.

¶12    Affirmed.

/S/ KARLA M. GRAY

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE