JUSTICE WARNER
dissents.
¶26 I must dissent. Tomaskie waived his right to have the charge amended when he plead guilty to second offense possession of marijuana.
¶27 I disagree with the Court that this case is distinguishable from Wheeler. The same issue is presented here, and the result must be the same. Wheeler was charged with driving under the influence of alcohol *137 (DUI), fifth offense, a felony. To be sentenced as a felony, a DUI must be a fourth or subsequent offense. Section 61-8-714(4), MCA (1995). Wheeler moved to dismiss the charge. The district court denied his motion. Wheeler then plead guilty without reserving his right to appeal any pre-plea adverse rulings. After accepting the plea, the court ordered a PSI. After the PSI was filed, and before sentencing, Wheeler moved to expunge two of the alleged prior convictions. The district court denied Wheeler’s motion and sentenced him according to the plea agreement.
¶28 On appeal, this Court affirmed the district court. We held:
[a]fter a criminal defendant pleads guilty and thereby admits that he is guilty of the offense charged, he may only attack the voluntary and intelligent character of his plea and may not raise independent claims relating to prior deprivation of his constitutional rights. A voluntary and intelligent plea of guilty constitutes a waiver of non-jurisdictional defects and defenses.
Wheeler, 285 Mont. at 402, 948 P.2d at 699 (citing State v. Hilton, 183 Mont. 13, 18, 597 P.2d 1171, 1174 (1979), and Hagen v. State, 265 Mont. 31, 35, 873 P.2d 1385, 1387 (1994) (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973)).
¶29 In Hagan, we defined jurisdictional claims in the context of waiver as set forth in United States v. Cortez, 973 F.2d 764, 767 (9th Cir. 1992). Hagan, 265 Mont. at 36, 873 P.2d at 1388. Cortez limited jurisdictional claims to “those cases in which the district court could determine that the government lacked the power to bring the indictment at the time of accepting the guilty plea from the face of the indictment or from the record.” Cortez, 973 F.2d at 767 (emphasis in original).
¶30 At the time that Tomaskie was charged, and at the time he plead guilty, his prior conviction of possession of marijuana had not been dismissed and thus the State had the power to bring the felony charge. Therefore, Tomaskie’s claim is non-jurisdictional.
¶31 Contrary to the Court’s opinion, Tomaskie was in exactly the same position that Wheeler was in before and after he plead guilty. Up to and at the time of their guilty pleas, the predicate offenses were subject to being invalidated as previous offenses upon which the current felony charges were based. After they plead guilty, both Tomaskie and Wheeler had admitted the offenses with which they were charged, each of which required previous convictions of a like offense. Neither reserved the right to appeal. Wheeler was denied the opportunity to challenge the felony nature of the subsequent charge on *138 the basis that he had waived all non-jurisdictional defects in that charge. However, we have sustained Tomaskie’s challenge to the felony-nature of a charge to which he plead guilty. Wheeler cannot be distinguished, as the Court does at ¶ 18, by simply saying that at the time Tomaskie plead guilty he had no basis to challenge the felony nature of the charge. When he plead guilty as charged, Tomaskie waived the right to later have the Havre City Court conviction “not count” as a second possession conviction. After he plead guilty, Tomaskie was in the same position as Wheeler.
¶32 For several years before and up to the time he plead guilty in this case, Tomaskie could have taken the necessary steps to have the Havre City Court charge dismissed. Wheeler also had up to the time he plead guilty to attack the predicate DUI charges. Just like Wheeler, when Tomaskie plead guilty he waived his right to challenge all non-jurisdictional defects in the charge.
¶33 Tomaskie has not challenged the voluntary nature of his plea on appeal, nor has he argued that his counsel was ineffective. The District Court did not err in denying his motion to amend the charge from a felony to a misdemeanor and the judgment should be affirmed. I dissent.
JUSTICE RICE joins in the foregoing dissent.