FILED

March 25 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA


DA 12-0780

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 81N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

DUANE MITCHELL AZURE, SR.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDC 10-0309
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender; Jacob Q. Johnson, Assistant
Appellate Defender; Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
Attorney General; Helena, Montana

          John Parker, Cascade County Attorney; Great Falls, Montana

Submitted on Briefs:  March 5, 2014
Decided:  March 25, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Based upon a 2001 partner/family member assault conviction, Duane Azure, Sr., was required to register as a violent offender with the State of Montana. On August 12, 2010, Azure was charged in Cascade County with felony failure to provide notice of change of residence as required for violent offenders. On June 23, 2011, he pled guilty to the offense and the District Court sentenced him to a five-year commitment to the Department of Corrections, with all time suspended, subject to conditions of sentence.

¶3    On April 24, 2012, the Cascade County attorney filed a petition to revoke Azure's suspended sentence for multiple violations of the sentence conditions. In May 2012, the Eighth Judicial District Court appointed an attorney to represent Azure in the revocation proceeding. In August and September 2012, Azure sent two ex parte letters to the court expressing displeasure with his counsel. Shortly thereafter, Azure's counsel moved for substitution of counsel which the court granted. In October 2012, Azure sent another ex parte letter to the District Court claiming he was receiving ineffective assistance from his second court-appointed attorney.

¶4    The court conducted an evidentiary hearing on November 1, 2012. Upon initiation of the hearing, Azure unexpectedly instructed his counsel to stipulate that he had violated

2

a specific condition of his suspended sentence by using illegal drugs. The District Court advised Azure regarding the rights he would be waiving if he persisted in the stipulation, including his right to appeal. Azure stated he understood and again stipulated to the violation. Notwithstanding the stipulation, the State requested to proceed against Azure on the other charged allegations.

¶5 At the conclusion of the hearing, the District Court found that Azure had violated three conditions of his suspended sentence: (1) failing to report to and fleeing from his probation officer; (2) resisting arrest and causing injury to his probation officer; and (3) the violation to which Azure had stipulated—illegal drug use. The court revoked Azure's suspended sentence and sentenced him to serve five years with a recommendation that the time be served at Montana State Prison. The court also recommended that Azure have access to appropriate drug and alcohol treatment. The District Court did not inquire into Azure's complaints about his representation.

¶6 Four days after the evidentiary hearing, Azure filed a hand-written motion with the court seeking removal of his counsel for ineffective assistance, appointment of counsel for further proceedings, and a stay of execution of sentence. On November 7, 2012, the District Court denied the motion, without prejudice, holding that Azure's complaints would be more appropriately raised by post-sentence appeal or a postconviction petition. Azure appeals this order claiming the District Court abused its discretion by failing to inquire into his complaints that his counsel was ineffective.

¶7 We affirm the District Court's denial of Azure's motion. While the court did not question Azure at the hearing about his letters concerning his counsel, the court offered

3

Azure an opportunity to speak on any matters about which Azure was concerned. Azure did not avail himself of this opportunity. Moreover, Azure stated that he understood that he was waiving other complaints and rights by stipulating to violating a condition of his suspended sentence. It is well-established that a plea of guilty which is voluntary and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of constitutional violations which occurred prior to the plea. *Stilson v. State*, 278 Mont. 20, 22, 924 P.2d 238, 239 (1996).

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted. The District Court did not abuse its discretion in denying Azure's motion to remove counsel, appoint new counsel, or stay execution of judgment.

¶9     Affirmed.

/S/ PATRICIA COTTER


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON